UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DEJUAN MCINTYRE,

    Petitioner,

    v.       CAUSE NO. 2:24-CV-385-JD-JEM

SHERIFF,

    Respondent.

OPINION AND ORDER

DeJuan McIntyre, a prisoner without a lawyer, filed a habeas petition under 28 U.S.C. § 2241 to challenge his criminal proceedings in Case No. 45G02-2306-MR-27 in the Lake Superior Court.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, McIntyre asserts that he is entitled to habeas relief because his constitutional right to speedy trial was violated and that the State is engaging in selective prosecution against him based on his nationality and race. McIntyre also asserts that he is entitled to habeas relief because he was arrested without a search warrant, arrest warrant, and without probable cause.

A petitioner may be entitled to habeas relief if he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 42

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

U.S.C. § 2241(c)(3). According to the petition, McIntyre was arrested more than one year ago, and the lawfulness of his arrest is distinct from the issue of whether his continued detention is lawful. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 364-70 (2017) (comparing and contrasting unlawful arrest and unlawful detention claims); *see also Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction."). Stated otherwise, it is unclear how McIntyre could now demonstrate that he is in custody in violation of federal law through an unlawful arrest claim. Accordingly, McIntyre's claims that his arrest was unlawful are not a basis for habeas relief.

The court next considers whether McIntyre has properly exhausted his speedy trial claim or his vindictive prosecution claim. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at

which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

In Indiana, speedy trial claims can be raised in an interlocutory appeal. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310 (Ind. Ct. App. 2018). The Indiana Rules of Appellate Procedure suggest that a substantial selective prosecution claim could also be appropriately raised on interlocutory appeal. *See* Ind. R. App. 14(b). According to the electronic docket for the State courts, McIntyre has not properly presented any arguments regarding his constitutional right to a speedy trial or selective prosecution to the State courts at any level, nor has he sought interlocutory appeal. Further, though McIntyre asserts that the prosecution has withheld material discovery from him, it is unclear how this prevents him from presenting his arguments to the State courts. Consequently, the court finds that McIntyre has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). McIntyre filed this habeas petition under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . ,

3

but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end McIntyre's chance at habeas corpus review by rendering his claims untimely, a stay is not appropriate for this case.

McIntyre also filed a motion to appoint counsel. ECF 4. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Appointing counsel in this case would not assist McIntyre with exhausting his claims in State court as he must do in order to obtain federal habeas relief. The court further observes that McIntyre has appointed counsel for his State criminal case. Therefore, the motion for counsel is denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for

4

denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging McIntyre to proceed further in federal court until he has exhausted his claim in State court.

For these reasons, the court:

(1) DENIES the motion for counsel (ECF 4);

(2) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are invalid or unexhausted;

(3) DENIES DeJuan McIntyre a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on October 31, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5